IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:96-CR-79-1-BO

| | | |
|---|---|---|
| TORRANCE JONES, | ) | |
| Petitioner, | ) | |
| v. | ) | O R D E R |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's "Motion under Federal Rule of Criminal Procedure 36" to correct a clerical error at his sentencing. Petitioner's Motion is really a successive motion to vacate under 28 U.S.C. § 2255. The Motion is DISMISSED.

## FACTS

A jury convicted Petitioner for one conspiracy count and two substantive counts of possession with intent to distribute cocaine and cocaine base on September 18, 1996. He was sentenced to 360 months imprisonment within the guideline range based upon an offense level of 41 and criminal history category III. Petitioner appealed, and the Forth Circuit affirmed his conviction and sentence on November 2, 1998.

On October 2, 2000, Petitioner timely filed his first motion to vacate pursuant to 28 U.S.C. § 2255. Importantly, this motion raised eight separate substantive grounds for habeas relief, none of which involved Petitioner's present claim. By order entered June 12, 2001, this

Court denied the Petition and dismissed each of his eight claims as without merit. The Fourth Circuit affirmed. United States v. Jones, 35 Fed. Appx. 382 (4th Cir. 2002).

Petitioner filed the present motion pro se on October 15, 2010.

## DISCUSSION

In his present motion, the Petitioner claims that the Court failed to adopt the recommendations of the presentence report with regard to drug amounts, relying instead of the drug amounts presented at trial. Although the Petitioner frames the pleading as a Rule 36 motion, the challenge is actually nothing more than a successive § 2255 petition. See U.S. v. Blackstock, 513 F.3d 128, 131 (4th Cir 2008)(holding petitions must be examined for their substance and relief sought, not merely based upon the label the prisoner gave the motion).

Before a second habeas application may be filed in the district court, a petitioner must first move the appropriate court of appeals for an order authorizing the district court to consider his application. 28 U.S.C. § 2244. Mr. Jones has not taken this action. The petitioner is aware of this requirement as he has been advised by the Court on this matter previously. See D.E. # 436.

## Conclusion

The Court construes Petitioner's Motion as a successive § 2255 petition. The Motion is DISMISSED for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

SO ORDERED, this __13__ day of December, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE