IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:96-CR-79-BO
NO. 5:12-CV-121-BO

TORRANCE JONES,                    )
                    Petitioner,    )
                                   )
        v.                         )        O R D E R
                                   )
UNITED STATES OF AMERICA,          )
                    Respondent.    )

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence [DE 502]. The government has filed a motion to dismiss [DE 507], to which Petitioner has responded [DE 512], and these matters are ripe for ruling. For the reasons discussed below, Petitioner's motion to vacate is dismissed.

BACKGROUND

A jury convicted Petitioner (Jones) for one conspiracy count and two substantive counts of possession with intent to distribute cocaine and cocaine base on September 18, 1996. He was sentenced to 360 months imprisonment within the guideline range based upon an offense level of 41 and criminal history category III. Jones appealed, and the Fourth Circuit affirmed his conviction and sentence on November 2, 1998. On October 4, 1999, Jones' petition for writ of certiorari in the Supreme Court was denied.

On October 2, 2000, Jones timely filed his first motion to vacate pursuant to 28 U.S.C. § 2255. This motion raised eight separate substantive grounds for habeas relief, none of which involved Jones' present claim. By order entered June 12, 2001, this Court denied the motion and dismissed each claim as without merit. The Fourth Circuit affirmed. *United States v. Jones*, 35 Fed. App'x 382 (4th Cir. 2002). On November 17, 2009, Jones filed a motion pursuant to Rule

60(b) of the Federal Rules of Civil Procedure. The Rule 60(b) motion was subsequently recharacterized as a § 2255 petition and dismissed by the Court on February 8, 2010. In the meantime, a § 2255 petition filed by Jones was transferred to this Court from the Eastern District of Virginia on January 6, 2010. That petition was dismissed as second or successive on January 25, 2010. Jones filed the present motion *pro se* on March 2, 2012.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a § 2255 petition must be filed within one year of, *inter alia*, the date the petitioner's conviction becomes final or the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1);(4). The AEDPA further provides that a second or successive petition must be first certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). However, "it is settled law that not every numerically second [§ 2255 petition] is 'second or successive' within the meaning of the [Antiterrorism and Effective Death Penalty Act of 1996]." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006).

Here, Jones again seeks to challenge his 1996 conviction and resulting sentence. Jones bases his challenge on the vacatur of state court convictions, one occurring in 2004 and another in 2008. While a second petition challenging the same judgment is normally a second or successive petition and thus requires pre-filing authorization from the court of appeals, *see*

2

*Magwood v. Patterson*, ___ U.S. ___; 130 S.Ct. 2788, 2796 (2010) (noting that 28 U.S.C. § 2244(b) applies only to applications challenging the same judgment), Jones relies on Eleventh Circuit precedent to contend that his petition is in fact not second or successive.

In *Johnson v. United States*, 544 U.S. 295 (2005), the Supreme Court held that a state court vacatur of a predicate conviction serves to trigger a new one-year statute of limitations under 28 U.S.C. § 2255(f)(4), provided the petitioner acts diligently in seeking to have the state court conviction vacated. *See also United States v. Gasden*, 332 F.3d 224 (4th Cir. 2003). In *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011), the Eleventh Circuit, applying *Johnson*, held that the a second motion to vacate that is based on a vacatur of a state court conviction that did not exist at the time of an initial § 2255 proceeding is not a second or successive petition, provided the petitioner acts with diligence. This Court is unaware of any Fourth Circuit opinions addressing the second or successive bar as it is applied to § 2255 petitions raising claims based on the vacatur of state court convictions.

Even assuming, without deciding, that a numerically second § 2255 petition raising claims based on the vacatur of state court convictions would not be barred as second or successive, Jones' motion to vacate is untimely. Jones' first state court conviction appears to have been vacated on February 5, 2004. Jones' second state court conviction appears to have been vacated on November 7, 2008. The instant motion was filed in March 2012, well outside the one year limitations period that would have expired on November 7, 2009.

Jones asks the Court to relate the instant motion back to his 2009 Rule 60(b) motion as the operative date for filing, contending that the Court erred in dismissing that motion as second or successive § 2255 petition. This argument must fail, however, as Jones' Rule 60(b) motion

3

was signed and mailed November 13, 2009[1], and entered on the Court's docket on November 17, 2009 – again, outside of the one year limitations period that would have expired on November 7, 2009.

Jones further contends that he should receive the benefit of the filing date of a petition pursuant to 28 U.S.C. § 2241 that was filed on November 6, 2009, in the Southern District of Illinois. Jones' § 2241 petition was also based on the vacatur of his state court conviction in 2008 and was filed within one year of the entry of the state court order. In his petition, Jones contended that he was entitled to relief under § 2241 because his remedy under § 2255 was inadequate or ineffective. Jones' § 2241 was transferred from the Southern District of Illinois to the Eastern District of Virginia on jurisdictional grounds. The Eastern District of Virginia construed Jones' § 2241 motion as a petition pursuant to § 2255 and transferred the matter to this Court. This Court then dismissed the petition as second or successive.

While Jones filed his § 2241 petition within one year from the date that his conviction was vacated in 2008, Jones filed the incorrect motion in the incorrect court. Jones contends, however, that the limitations period should be equitably tolled from the date of filing of his § 2241 petition. The Supreme Court has held that a petitioner is entitled to equitable tolling if (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565

---

[1]The prisoner mailbox provides that a notice of appeal is deemed filed on the date it is submitted to prison authorities to forward to the district court as opposed to the date received by the district court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). While the Fourth Circuit has not expressly adopted the prisoner mailbox rule in the context of § 2255 petitions, some opinions indicate its acceptance. *See e.g. Allen v. Mitchell*, 276 F.3d 183, 184 n.1 (4th Cir. 2001). In this instance, even the date on which Jones signed his Rule 60(b) motion was outside of the one year limitations period.

4

(2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Ignorance of the law, however, even in the case of an unrepresented prisoner, is not a basis for equitable tolling of the period of limitations. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

While Jones has identified no extraordinary circumstance external to his own conduct that prevented him from filing his petition on time, petitions mistakenly filed in the wrong court have been found to be subject to equitable tolling. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (allowing equitable tolling where "claimant has actively pursued judicial remedies by filing a defective pleading during the statutory period"). Furthermore, it is the substance of the motion, not the label or name assigned to it by a *pro se* petitioner, that determines whether a court views a motion as arising under § 2255. *Raines v. United States,* 423 F.2d 526, 528 (4th Cir. 1970); *see also Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Bearing this in mind, it would appear that Jones filed a § 2255 petition within one year of the 2008 vacatur of his state court conviction.

However, at the time that Jones' filed his 2009 § 2241 and § 2255 petitions, no authority existed to suggest that his petition was anything other than second or successive. Indeed, this Court's dismissals of Jones' petitions were affirmed by the court of appeals. *United States v. Jones*, 403 Fed. App'x 856 (4th Cir. 2010). Because the Court correctly dismissed these petitions as second or successive, Jones cannot now benefit from the filing date of his 2009 § 2241 petition in order to assert a claim. Accordingly, even assuming that a claim based on the

5

vacatur of state court convictions presented in a numerically second § 2255 petition would not be barred as second or successive, the Court finds that Jones' instant § 2255 motion is barred by the limitations period.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Jones is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether Jones is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a

6

threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that reasonable jurists would find debatable whether the petition states a valid claim of denial of a constitutional right, in addition to finding debatable whether the district court was correct in its procedural ruling. As the requirements have been established, the Court finds that a certificate of appealability shall issue.

A certificate of appealability must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(3). Because Jones has made a sufficient showing that his claim should proceed further, a certificate of appealability is hereby authorized as to a review of the preliminary procedural question of the timeliness of Jones' petition.

## CONCLUSION

Accordingly, as Petitioner's motion is untimely, the government's Motion to Dismiss is GRANTED and Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 is DISMISSED. A certificate of appealability is GRANTED as to a review of the preliminary procedural question of the finding that the petition is untimely.

SO ORDERED, this __6__ day of July 2012.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7