IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:96-CR-79-BO
NO. 5:12-CV-121-BO

| | |
|---|---|
| TORRANCE JONES, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The government has moved to dismiss petitioner's motion.

## BACKGROUND

Petitioner was sentenced to 360 months' imprisonment following conviction for his involvement in a cocaine distribution conspiracy. The court of appeals affirmed petitioner's conviction and sentence on direct appeal. *United States v. Jones*, 165 F.3d 912 (4th Cir. 1998) (unpublished table opinion). By order entered June 12, 2001, the Court granted summary judgment in favor of the government on petitioner's first motion to vacate pursuant to 28 U.S.C. § 2255 which raised eight grounds for relief. The court of appeals dismissed petitioner's appeal. *United States v. Jones*, 35 Fed. App'x 382, 383 (4th Cir. 2002) (unpublished). On November 17, 2009, Jones filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Rule 60(b) motion was subsequently recharacterized as a § 2255 petition and dismissed by the Court on February 8, 2010. In the meantime, a § 2255 petition filed by Jones, originally filed

under § 2241, was transferred to this Court from the Eastern District of Virginia on January 6, 2010. That petition was dismissed as second or successive on January 25, 2010. Both motions dismissed in 2010 were based on petitioner's successful vacatur of two of his prior state court convictions; one conviction was vacated in 2004 and one in 2008. The court of appeals denied a certificate of appealability and authorization to file a successive § 2255 as to both of petitioner's motions. *United States v. Jones*, 403 Fed. App'x 856, 857 (4th Cir. 2010) (unpublished).

In March 2012, petitioner filed another motion pursuant to 28 U.S.C. § 2255 seeking resentencing in light of the vacaturs of two of his prior convictions. The Court dismissed petitioner's § 2255 motion as untimely under § 2255(f)(4), and the court of appeals affirmed this Court's judgment. *United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014) *cert. denied*, 135 S. Ct. 1467 (2015). Petitioner filed the instant Rule 60(b)(6) motion on December 28, 2015. Petitioner challenges this Court's order of January 2010 dismissing his § 2241 petition, recharacterized as a motion to vacate under § 2255, as a second or successive petition under § 2255(h). Petitioner contends that in 2009 he filed a timely § 2255 motion which should not have been held to be a second or successive petition. *See United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014).

## DISCUSSION

Rule 60 of the Federal Rules of Civil Procedure authorizes the Court to correct a clerical mistake or mistake "whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). It also authorizes the Court to relieve a party from a final judgment, order, or proceeding for, *inter alia*, mistake, excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The government urges the Court in its motion to dismiss to consider the instant Rule 60(b) motion as one pursuant to § 2255. A

2

motion which challenges a defect in the integrity of the habeas proceeding is a true Rule 60(b) motion, while a motion which attacks the substance of the court's resolution of claims on the merits, even if titled a Rule 60(b) motion, is in actuality a motion pursuant to § 2255. *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015); *see also United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). Because petitioner's motion contends that there was a defect in the prior proceedings, namely that his prior petition was improvidently dismissed as second or successive, the Court considers his motion as one brought under Rule 60(b).

However, "before a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation omitted). A motion under Rule 60(b)(6) "must be made within a reasonable time" after entry of the order being challenged. Fed. R. Civ. P. 60(b)(c)(1). The movant must then demonstrate that relief is appropriate. *Dowell*, 993 F.2d at 48. A decision to grant or deny a Rule 60(b) motion lies within the sound discretion of the Court. *Id.* at 47.

Because the government did not address the threshold requirements of Rule 60(b) in its motion to dismiss, the Court will not *sua sponte* decide whether those requirements have been satisfied without giving petitioner an opportunity to respond. *See, e.g, United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008); *see also McRae*, 793 F.3d at 401 ("Rule 60(b) . . . filing deadline is an affirmative defense" and not jurisdictional).

3

## CONCLUSION

Accordingly, the government is allowed through and including May 20, 2016, to brief the threshold requirements of Rule 60(b) and the merits of petitioner's Rule 60(b)(6) motion. Petitioner shall have through and including June 10, 2016, to respond. The Court shall at that time again consider the pending motions.

SO ORDERED, this 5 day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE