IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:96-CR-79-BO
NO. 5:12-CV-121-BO

| | |
|---|---|
| TORRANCE JONES,<br>        Petitioner, | )<br>)<br>) |
| v. | )      ORDER<br>) |
| UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>) |

This cause comes before the Court on petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The government has moved to dismiss petitioner's motion.

## BACKGROUND

The procedural history of this matter having been recited several times by this Court and the court of appeals, the Court incorporates by reference the background of this matter as set out in its order entered July 9, 2012. [DE 514]; *see also United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014) *cert. denied*, 135 S. Ct. 1467 (2015).

Petitioner filed the instant Rule 60(b)(6) motion on December 28, 2015. Petitioner challenges this Court's order of January 2010 dismissing his 28 U.S.C. § 2241 petition, recharacterized as a motion to vacate under 28 U.S.C. § 2255, as a second or successive petition under § 2255(h). By order entered May 6, 0216, the Court held that it would construe petitioner's instant motion under Rule 60(b) and directed the government and petitioner to brief whether the threshold requirements for a motion under Rule 60(b) have been satisfied. The

parties have complied with the Court's order, and petitioner's Rule 60(b) motion is ripe for adjudication.

## DISCUSSION

Petitioner contends that in 2009 he filed a timely § 2255 motion which should not have been held to be a second or successive petition. Rule 60 of the Federal Rules of Civil Procedure authorizes the Court to correct a clerical mistake or mistake "whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). It also authorizes the Court to relieve a party from a final judgment, order, or proceeding for, *inter alia*, mistake, excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion which challenges a defect in the integrity of the habeas proceeding is a true Rule 60(b) motion, while a motion which attacks the substance of the court's resolution of claims on the merits, even if titled a Rule 60(b) motion, is in actuality a motion pursuant to § 2255. *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015); *see also United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). As noted in its prior order, because petitioner's motion contends that there was a defect in the prior proceedings, namely that his prior petition was improvidently dismissed as second or successive, the Court considers his motion as one brought under Rule 60(b).

However, "before a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation omitted); *see also Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (in addition to express requirements that Rule 60(b)(6) motion be filed within a reasonable time and on just terms, party seeking relief from judgment must also have meritorious

claim and opposing party must not be unfairly prejudiced). A decision to grant or deny a Rule 60(b) motion lies within this Court's discretion. *Dowell*, 993 F.2d at 47.

As this Court has previously noted, at the time that petitioner's 2009 motion was decided, the Court was unaware of any controlling precedent which would dictate that vacatur of prior state court judgments would provide a basis upon which a petitioner could properly file a numerically second but not successive motion under § 2255. [DE 514]. Indeed, the court of appeals affirmed this Court's dismissal of petitioner's motion as second or successive. [DE 484]. Moreover, the court of appeals affirmed this Court's decision that petitioner could not benefit from the date of filing of his 2009 § 2241 motion, which was within one year of the second vacatur of a state court judgment, and that his § 2255 motion based on the vacaturs was time-barred. *Jones*, 758 F.3d at 586 (Jones cannot "avoid, through the equitable power of a court, the 1-year limitation period fixed by Congress in § 2255(f)(4)").

The Fourth Circuit's opinion in *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014), does not provide petitioner with a basis for relief. The *Hairston* court held that, in the context of a petitioner who had, like Jones, obtained vacatur of a state court judgment and filed a second § 2255 motion on that basis, "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where, as here, the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." *Id.* at 262. The *Hairston* decision itself would not provide petitioner with a new basis upon which to file a timely § 2255 motion, *see Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (change in law is not a new "fact" for purposes of § 2255 limitations period), and even if it could the instant motion was filed more than eighteen months after *Hairston* was decided, and would therefore be beyond § 2255(f)'s one year limitations period.

3

Moreover, where a Rule 60(b)(6) motion seeks "to reopen a district court judgment dismissing a federal habeas petition" based on a favorable change in habeas law, the Supreme Court has made clear that Rule 60(b)(6) "is not ordinarily available to those challenging previously denied habeas relief." *Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016) (addressing Rule 60(b) motion premised on a change in habeas law announced by the Supreme Court). Petitioner cannot therefore rely on *Hairston* to reach back to his 2009 motion to render it not barred as second or successive.

As petitioner has failed to demonstrate that he has a meritorious claim, petitioner has failed to satisfy the Rule 60(b) threshold requirements. Further, even if the Court were to consider the threshold requirements to have been satisfied, petitioner has failed to demonstrate that relief from the Court's judgment should be allowed under Rule 60(b)(6). Finally, the Court recognizes that, at bottom, petitioner seeks to have his sentence reduced based on the vacatur of his state court judgments. Even if the Court converted the instant motion to one under § 2255 and applied *Hairston* in order to find it not barred as successive, petitioner's state judgments were vacated in 2004 and 2008, and § 2255(f)(4)'s limitations period would bar his claims as untimely. *Jones*, 758 F.3d at 582.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion pursuant to Rule 60(b)(6) [DE 537] is DENIED. The government's motion to dismiss [DE 542] is DENIED AS MOOT.

SO ORDERED, this ___8___ day of September, 2016.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4