IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:96-CR-79-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TORRANCE JONES | ) | |

This cause comes before the Court on defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. A hearing on the motion was held before the undersigned on March 21, 2018, at Raleigh, North Carolina. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

In 1996, defendant Jones was convicted by a jury of cocaine trafficking charges and was subsequently sentenced to a term of 360 months' imprisonment. Jones' presentence report held him accountable for 26.3 kilograms of cocaine base and 79 kilograms of cocaine, resulting in a base offense level of 38. The Court adopted the factual findings and Guideline application of the presentence report except that the Court ruled that the adjustment for role in the offense would be a two-level enhancement which lowered the total offense level to a 40 as opposed to 41 as originally calculated by the probation office.

Jones previously sought a § 3582(c)(2) sentence reduction under Amendment 706 to the Sentencing Guidelines, which was denied. The court of appeals affirmed this Court's denial of a sentence reduction, holding that its "review of the record convinces us that the district court did not abuse its discretion by concluding that, at Jones' original sentencing, it implicitly adopted the

drug amounts in the presentence report (including 26.3 kilograms of crack cocaine)." *United States v. Jones*, 388 F. App'x 314, 315 (4th Cir. 2010).

## DISCUSSION

Jones argues that he is eligible for a reduction in his sentence because the Court failed, at the original sentencing hearing, to rule on his objection to a quantity of cocaine attributed to him by Rickie Draper. Trial testimony established that 55 kilograms of powder cocaine and 160.1 grams of cocaine base were attributable to Jones, resulting in a base offense level of 36. The presentence report recommended that Jones also be held accountable for additional drugs based on a statement by Draper. Jones argued at sentencing that he had been in jail for 111 days during the period of time he was alleged to have been dealing with Draper, and that thus he could not be held responsible for the total amount of drugs attributed to him by Draper. Jones now argues that the Court did not rule on his Draper-drugs objection because it was not necessary, as the Court's ruling that Jones was accountable for at least 1.5 kilograms and probably a significant amount more would have been sufficient to reach a base offense level of 38 at the time of sentencing. If his current objection to the quantity of drugs attributed to him by Draper is sustained, Jones contends his base offense level would be 36 as opposed to 38 and that he would be eligible for a reduction in his sentence.

A court "may not modify a term of imprisonment once it has been imposed except" under limited circumstances. 18 U.S.C. § 3582(c). One of those circumstances is where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a). When determining whether an amendment to the Guidelines lowers a defendant's applicable Guidelines range, a court should substitute the

2

amendment for the corresponding Guidelines provisions that were applied when the defendant was originally sentenced, leaving all other Guidelines application decisions in place. *See United States v. Bornales*, 639 F. App'x 169, 170 (4th Cir. 2016) (citing *United States v. Lindsey,* 556 F.3d 238, 244 (4th Cir.2009). Courts are permitted to "make additional findings on the drug quantities attributable to defendants in § 3582(c)(2) proceedings. Such findings must be supported by the record and consistent with earlier findings." *United States v. Peters*, 843 F.3d 572, 577 (4th Cir. 2016), *cert. denied,* 137 S. Ct. 2267 (2017). Indeed, a court may be required to make such additional findings where at the original sentencing hearing it found a defendant to be accountable for at least an amount sufficient to achieve a certain base offense level, but did not make a specific drug quantity finding. *Id.*

Here, however, the Court, by its adoption of the presentence report, implicitly found that Jones was accountable for 26.3 kilograms of cocaine base. The Court so held when denying Jones' prior motion for reduction under § 3582, *see* [DE 432], and the court of appeals has affirmed this ruling. 388 F. App'x at 315. Jones is therefore ineligible for a reduction in sentence because Amendment 782 does not have the effect of lowering his Guidelines range, as his base offense level remains a 38.

## CONCLUSION

For these reasons, defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582 and Amendment 782 [DE 553 & 560] is DENIED.

SO ORDERED, this __1__ day of June 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3